I must respectfully dissent from the majority decision in this matter and would affirm the Opinion and Award of the Deputy Commissioner. The testimony of the lay witnesses, the medical documentation and testimony as well as the objective medical evidence do not support plaintiff's claim as credible that her back injury was the result of a compensable work-related injury by accident on June 28, 1999.
Plaintiff was seen by her family physician, Dr. Sirisena, the day following the alleged injury by accident. There is no mention in the records of plaintiff discussing back pain or an injury that occurred at work the previous day. Dr. Sirisena had been treating plaintiff for intermittent back pain since 1986.
On July 5, 1999, plaintiff sought emergency room treatment where she complained that she had been suffering from back pain for two days. Plaintiff made no mention of an at work incident and reported a different onset date of symptoms than described in her testimony. At the time of the visit, plaintiff had not worked since July 1, 1999 as the plant had been closed due to the holiday.
On July 12, 1999 and July 23, 1999 plaintiff returned to Dr. Sirisena complaining of back pain that she had been suffering from since July 4, 1999. There was no mention of an at-work incident at either visit.
Dr. Sirisena then referred plaintiff to a neurologist, Dr. Macedo, whom plaintiff saw July 30, 1999, August 12, 1999 and August 26, 1999. Plaintiff did not mention an at-work incident or incident occurring in June of 1999 at any of these visits. It is not until her fourth visit on October 14, 1999 that plaintiff mentions to Dr. Macedo the at-work incident in June of 1999.
The long delay in reporting that her symptoms were the result of an at-work incident calls into question the credibility of plaintiff's testimony. Plaintiff received treatment on eight visits from three separate doctors over a period of four months and failed to report that her pain stemmed from a lifting incident at work. The dates of the onset of pain in her medical records contradict plaintiff's testimony.
Plaintiff testified that she reported the incident to her supervisor, Michael Dixon, immediately after the incident occurred on June 28, 1999. Plaintiff had suffered two compensable injuries in the past and was aware of the process that required the supervisor to complete an accident report with the injured employee and file it with the shift manager. Dixon testified that plaintiff never mentioned the June 28, 1999 incident to him. When plaintiff had been injured at work in the past, he had immediately completed the accident report and filed it with the shift manager. No form was ever completed for an alleged incident involving plaintiff in June, 1999.
It is clear from the objective medical testimony, reports and the testimony that plaintiff did not suffer an at work injury by accident in June of 1999. Therefore, the Opinion and Award of the Deputy Commissioner should be affirmed and plaintiff's claim should be denied.
 S/_______________ DIANNE C. SELLERS COMMISSIONER